Bret T. Allred
Attorney for Bankruptcy Debtors
Wyoming State Bar No. 6-3835
Basin Law Group, LLC.
210 N. Bent Street
Powell, Wyoming 82435
Telephone No. (307) 271-6008

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In Re: | |
| | Case No. **11-21088** |
| **BRIAN PAUL LANG, and** | |
| **HEATHER ROSE LANG,** | Chapter 13 |
| Debtors, | |
| **NORTHERN ROCKIES NEURO-SPINE, P.C.,** | Adv. Proc. No.: **11-02038** |
| Plaintiff, | |
| -vs- | |
| **BRIAN PAUL LANG, and** | |
| **HEATHER ROSE LANG**, | |
| Defendants. | |

## VERIFIED ANSWER TO COMPLAINT OBJECTING TO DISCHARGE OF DEBT AND COUNTERCLAIM

COMES NOW the Defendants by and through their undersigned attorney and hereby answers the "COMPLAINT OBJECTING TO DISCHARGE OF DEBT" ("**Complaint**") as follows:

## ANSWER

1. Defendants admit the averments contained in paragraph "1" of the Complaint;

2. Defendants deny that Plaintiff is a creditor of the Defendant, Brian Paul Lang, and admit the remainder of paragraph "2" of the Complaint;

3. Defendants admit the averments contained in paragraph "3" of the Complaint in that they are bankruptcy debtors in bankruptcy case number 11-21088;

4. Defendants admit that averments contained in paragraph "4" of the Complaint;

5. Defendants admit the averments contained in paragraph "5" of the Complaint;

6. Defendants admit the averments contained in paragraph "6" of the Complaint;

7. Defendants have no knowledge of John H. Schneider, M.D.'s employment relationship with the Plaintiff and therefore deny that portion of paragraph "7" of the Complaint. Defendant's admit the remainder of paragraph "7" of the Complaint;

8. Defendants admit the averments contained in paragraph "8" of the Complaint;

9. Defendants admit the averments contained in paragraph "9" of the Complaint;

10. Defendants admit the averments contained in paragraph "10" of the Complaint;

11. Defendants deny that the Defendant, Brian Paul Lang, made payment to the Plaintiff and admit the remainder of paragraph "11" of the Complaint;

12. Defendants admit the averments contained in paragraph "12" of the Complaint;

13. Defendants admit the averments contained in paragraph "13" of the Complaint;

14. Defendants admit the averments contained in paragraph "14" of the Complaint;

15. Defendant's admit to the averments contained in paragraph "15" of the Complaint as it applies to the actions of the Co-Defendant, Heather Rose Lang, but deny said averments as they apply to the actions of the Defendant, Brian Paul Lang;

16. Defendants deny the averments contained in paragraph "16" of the Complaint as they apply to the actions and intentions of the Defendant, Brian Paul Lang. Defendants admit the remainder of paragraph "16" of the Complaint;

17. Defendants are without knowledge of the averments contained in paragraph "17" of the Complaint and therefore deny the same;

18. Defendants admit the averments contained in paragraph "18" of the Complaint;

19. Defendants admit the averments contained in paragraph "19" of the Complaint;

20. Defendants admit the averments contained in paragraph "20" of the Complaint and affirmatively state that the Defendant, Brian Paul Lang, was not named as a defendant in said civil action;

21. Defendants admit the averments contained in paragraph "21" of the Complaint;

22. Defendants admit the averments contained in paragraph "22" of the Complaint and affirmatively states that the final judgment does not name the Defendant, Brian Paul Lang, as a defendant;

23. Paragraph "23" of the Complaint is a restatement of previous averments and therefore Defendants admit and deny consistent with their previous answers;

24. Defendants admit the averments contained in paragraph "24" of the Complaint;

25. Defendants admit the averments contained in paragraph "25" of the Complaint;

26. Defendants deny the averments contained in paragraph "26" of the Complaint in that the Co-Defendant's, Heather Rose Lang, statements that "she would be ultimately responsible for any and all bills, fees and costs…" was true in that she was responsible as a debtor to pay the debt even though the debt was not paid;

27. Defendants denies the averments contained in paragraph "27" of the Complaint and state that at the time the Co-Defendant, Heather Paul Lang, sought medical services from the Plaintiff she had every intention of performing as she indicated;

28. Defendants deny that medical services were provided to the Defendant, Brian Paul Lang, or that the representations made by the Co-Defendant, Heather Rose Lang, were designed to induce the Plaintiff to render medical services to the Defendant,

Brian Paul Lang. The Defendants admit the remainder of paragraph "28" of the Complaint;

29. Defendants admit the averments contained in paragraph "29" of the Complaint;

30. Defendants have no knowledge that the Plaintiff was aware of the insurance status of the Co-Defendant, Heather Rose Lang, before the medical services were rendered to her and therefore deny the averments contained in paragraph "30" of the Complaint;

31. Defendants admit the averments contained in paragraph "31" of the Complaint;

32. Defendants deny the portion of paragraph "32" of the Complaint which indicates that the Co-Defendant, Heather Rose Lang, made fraudulent statements. Defendants are without knowledge of the Plaintiffs reliance on any statements and therefore deny the same. The Defendant's admit the Plaintiff suffered damage;

33. Defendants admit the averments contained in paragraph "33" of the Complaint;

34. Paragraph "34" of the Complaint is a restatement of previous averments and therefore Defendants admit and deny consistent with their previous answers;

35. Defendants admit the averments contained in paragraph "35" of the Complaint;

36. Defendants admit the averments contained in paragraph "36" of the Complaint;

37. Defendants admit that the insurance company sent insurance proceeds directly to the Co-Defendant, Heather Rose Lang, (the check was payable to her) and that she was the bailee in lawful possession of the property owned by the Plaintiff but deny all other averments contained in paragraph "37" of the Complaint;

38. Defendants deny the averments contained in paragraph "38" of the Complaint as they relate to the Defendant, Brian Paul Lang. Defendants deny the averments contained in paragraph "38" of the Complaint that state the Co-Defendant, Heather Rose Lang, had knowledge that the insurance proceeds belonged to the Plaintiff or that she acted

with fraudulent intent.  The Defendants admit the remainder of paragraph "38" of the Complaint;

39. Defendants deny the averments contained in paragraph "39" of the Complaint;

40. Defendants deny the averments contained in paragraph "40" of the Complaint;

41. Defendants deny the averments contained in paragraph "41" of the Complaint;

## AFFIRMATIVE DEFENSES

42. The Defendant's affirmatively state that the post-petition attorney's fees prayed for in the Complaint are not awardable under 11 U.S.C. 523 and therefore Plaintiff's claim for such should be denied.

### RES JUDICATA

43. On September 1, 2011 the Plaintiff obtained a judgment against the Co-Defendant, Heather Rose Lang, a copy of which is attached hereto as "Exhibit A" and incorporated herein by reference for all purposes.

44. The judgment was based on the Plaintiff's claims for relief set forth in its complaint, a copy of which is attached hereto as "Exhibit B" and incorporated herein by reference for all purposes.

45. Plaintiff claimed damages for breach of contract, fraud, and conversion.

46. Plaintiff also petitioned for an award for attorney fees in the amount of $4,962.00 based on its claim for breach of contract which was awarded by the court in the judgment.

47. The attorney fee award arose out of a primarily dischargeable debt (breach of contract) and, accordingly, is dischargeable.

## ESTOPPELL

48. On September 1, 2011 the Plaintiff obtained a judgment against the Co-Defendant, Heather Rose Lang. See "Exhibit A".

49. The judgment was based on the Plaintiff's claims for relief set forth in its complaint. See "Exhibit B".

50. Plaintiff claimed damages for breach of contract, fraud, and conversion.

51. The issue decided in the prior state court adjudication was identical with the issue presented in the present action

52. The prior state court adjudication resulted in a judgment on the merits against the Co-Defendant, Heather Rose Lang;

53. The Plaintiff in this action was the same Plaintiff in the state court adjudication;

54. The Plaintiff failed to join the Defendant, Brian Paul Lang, as an indispensable party in the prior state court action.

55. The Plaintiff in this action had a full and fair opportunity to litigate the issue in the prior state court proceeding against the Defendant, Brian Paul Lang, failed to do so, and accordingly is currently collaterally estopped from making such claims.

# **COUNTER CLAIM**

COME NOW the Defendants by the through their undersigned attorney and for their cause of action and counterclaim against the Plaintiff pursuant to 11 U.S.C. 523(d) and Fed. R. Bankr. P. 7008(b) allege as follows:

### NON SUBSTANTIALLY JUSTIFIED CLAIMS AGAINST HEATHER ROSE LANG

1. On September 1, 2011 the Plaintiff obtained a judgment against the Co-Defendant, Heather Rose Lang in the Wyoming District Court in and for Park County.

2. The state court judgment was based on the Plaintiff's claims for relief set forth in its complaint which include breach of contract, fraud, and conversion.

3. The indebtedness awarded in the state court judgment which was based on fraud which is nondischargeable under 11 U.S.C. §523(a).

4. The attorney fees prayed for by the Plaintiff and ultimately awarded by the state court were based on Plaintiff's cause of action for breach of contract which is primarily dischargeable.

5. The attorney's fees awarded by the state court arose out of the dischargeable breach of contract claim and therefore are dischargeable.

6. Post judgment interest accrued on the state court judgment is derived from both dischargeable and nondischargeable debt.

7. Post judgment interest on the state court judgment which is based on the nondischargable claims in the amount of $15,867.00 plus court filing fees in the amount of $70.00 is nondischargeable.

8. Plaintiff's complaint in this adversarial proceeding seeks a judgment by this Court to declare otherwise dischargeable debt as nondischargeable under 11 U.S.C. 523.

9. Plaintiff is liable to the Co-Defendant, Heather Rose Lang, for attorney fees incurred in defending this not substantially justified claim pursuant to 11 U.S.C. 532(d).

<u>NOT SUBSTANTIALLY JUSTIFIED CLAIMS AGAINST BRIAN PAUL LANG</u>

10. On September 1, 2011 the Plaintiff obtained a judgment against the Co-Defendant, Heather Rose Lang.

11. The judgment was based on the Plaintiff's claims for relief set forth in its complaint which claimed damages for breach of contract, fraud, and conversion.

12. The Defendant, Brian Paul Lang was not named as a party to the prior state court proceedings.

13. The Plaintiff failed to state a claim for relief pursuant to 11 U.S.C. 523;

14. The Defendant's, Brian Paul Lang, debt to the Plaintiff, if any, is dischargeable in Chapter 7 Bankruptcy.

15. Plaintiff is liable to the Defendant, Brian Paul Lang, for attorney fees incurred in defending this not substantially justified claim pursuant to 11 U.S.C. 532(d).

WHEREFORE Defendant prays the court

1. Award judgment to the Plaintiff and against the Co-Defendant, Heather Rose Lang, in the amount of $15,867.00 plus court filing fees of $70.00, plus post judgment interest of 10% thereon from the date of the judgment.

2. Deny Plaintiff's claim against the Co-Defendant for prepetition and post-petition attorney's fees and the interest based thereon.

3. Deny Plaintiff's claims against the Defendant, Brian Paul Lang, and take nothing thereby

4. Award the Defendants their attorney's fees in defending this action.

/s/ **Bret T. Allred**
Bret T. Allred; Wyoming Bar No. 6-3835
*Attorney for Debtor(s)*
BASIN LAW GROUP, LLC
210 N Bent Street
Powell, WY 82435
(307) 271-6008
bret@basinlaw.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served by U.S. mail, first class postage prepaid, on the 27th day of January, 2012, to the Plaintiff's attorney of record, to wit: **David M. Clark, Worrall & Greear, P.C., P.O. Box 552, Worland, WY 82401.**

/s/Bret T. Allred
Bret T. Allred

The Defendants, Brian Paul Lang and Heather Rose Lang, under penalty of perjury, verifies that they have read the answer and counterclaim, know of the contents thereof, and that the statements in the answer and counterclaim are true to the best of their knowledge.

DATED this __25__ day of January, 2012.

_____
Brian Paul Lang

_____
Heather Rose Lang

Subscribed and sworn to before me by Brian Paul Lang and Heather Rose Lang this __25__ day of ~~August, 2011.~~ January, 2012.

With my hand and official seal.

_____
Notary Public

My commission expires:

EVA BOTT — NOTARY PUBLIC
COUNTY OF PARK — STATE OF WYOMING
MY COMMISSION EXPIRES FEBRUARY 22, 2012

Verified Answer to Adversarial Complaint and Counter Claim
In re. Brian and Heather Lang, Case No. 11-21088

Page 9 of 9